

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Gordon C. Cass
County Attorney
Lampasas, Texas

Dear Sir:

Opinion No. 0-858
Re: Is the sheriff and county clerk entitled
to a fee of $1.00 each for preparing re-
demption receipts where delinquent taxes
are paid?

This will acknowledge receipt of your letter
of May 1, 1939, in which you submit for an opinion of
this department the following question:

"Is the sheriff and the county clerk entitl-
ed to a fee of $1.00 each on each redemption re-
ceipt? If not, what should be done with the
money collected during the last two years?"

We have determined that the population of Lam-
pasas County, Texas, according to the last Federal Cen-
sus is eight thousand, six hundred and seventy-seven
(8,677).

Article 7246, R.C.S. of Texas, provides:

"In each county having less than ten thous-
and (10,000) inhabitants, the sheriff of such
county shall be the Assessor and Collector of
Taxes, and shall have and exercise all the rights,
powers and privileges, be subject to all the
requirements and restrictions, and perform all
the duties imposed by law upon assessors and
collectors; and he shall also give the same
bonds required of an assessor and collector of
taxes elected."

We assume that your sheriff is also the asses-
sor and collector of taxes by authority of the above

statute.

Article 7331, R.C.S. of Texas, as amended in 1930 by the Forty-first Legislature, Fourth Called Session, reads, in part, as follows:

"For calculating and preparing redemption certificates and receipts, reporting and crediting redemptions, osting Comptroller's redemption numbers on the delinquent tax record or annual delinquent list mailing certificates of redemption to tax-payers after a roval by the Comptroller, and for issuing receipts or certificates of redemption for property shown on the annual delinquent list, the tax collector shall be entitled to a fee of one dollar ($1.00) for each correct assessment of land to be sold, said fee to be taxed as costs against the delinquent. Correct assessment as herein used means the inventory of all properties owned by an individual for any one year. Provided, that in no case shall the State or county be liable for said fee."

We fail to find any statutory authority for paying the county clerk any fee for preparing redemption receipts. We find, however, that Article 7332, R.C.S. of Texas, 1925, sets out the fees that are to be charged by the various county officials in connection with suáhs filed against delin uent taxpayers. Paragraph 7 thereof provides that the county clerk shall receive one dollar ($1.00) in full for his services in each case. The article further provides that in event the delinquent taxpayer pays such amount as owed by him prior to judgment, that such fees so provided for shall be cut to one-half. All fees collected by virtue of such article are to be considered as fees of office and accounted for as such, and that the officers named shall not be entitled thereto in excess of the maximum compensation allowed such officers under the laws of Texas.

Article 7333, R.C.S. of Texas, 1925, requires that the fees provided for in Article 7332, supra, be

taxed as costs against the land, and that the state and county shall not be liable in any case for such fees.

Section 2 of Article 3912e provides that the commissioners' court in counties of less than twenty thousand (20,000) inhabitants shall determine whether the county officers of such counties shall be compensated on a fee basis or upon the salary basis. We are informed by the Comptroller that the commissioners' court of Lampasas County has determined that its county officers shall be compensated on the basis of the fees earned by them in the performance of their official duties.

In view of the above statutes, it is the opinion of this department and you are so advised that the sheriff of Lampasas County, being also the duly qualified tax assessor and collector would be entitled to all the rights and privileges pertaining to tax collectors under the provisions of Article 7331 and is entitled, by reason of being compensated upon the fee basis, to such fees so collected, and that the county clerk is entitled to no fee in connection with the issuance of redemption receipts, but is entitled to $1.00 in each tax suit in which final judgment is entered and the costs finally collected out of the proceeds of such sale, provided, however, that he shall not in any event receive more than his maximum compensation as provided by law.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:ob



APPROVED AUG 19, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS